UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DENISE LEE, Individually and on behalf of a minor child named D.P., and JOSEPH LEE,<br><br>    Plaintiffs,<br><br>v.<br><br>BOSTON PUBLIC SCHOOLS,<br><br>    Defendant. | Civil No. 15-10811-LTS |

ORDER ON REPORT AND RECOMMENDATION (DOC. NO. 26)

February 16, 2016

SOROKIN, J.

    Defendant Boston Public Schools ("BPS") objects (Doc. No. 29) to Magistrate Judge Cabell's Report and Recommendation (Doc. No. 26) that the Court deny BPS's Motion to Dismiss for Failure to State a Claim (Doc. No. 6) insofar as it pertains to the only federal claim asserted in the Complaint. After de novo review, the Court reaches a different conclusion on Count I for the following reasons.

    At issue is whether Plaintiffs Denise Lee, individually and on behalf of a minor child named D.P, and Joseph Lee (collectively "The Lees") have stated a claim that BPS, during the relevant time period of 2005-2011, had a policy, practice or custom of covering up allegations of sexual abuse. See Doc. No. 1-1 ¶ 19. No party disputes that such a policy would violate federal law. BPS contends, however, that the Lees failed to adequately plead such a claim. To do so, they must "show[] that, through its deliberate conduct, [BPS] was the moving force behind the injury alleged. [The Lees] must identify a municipal policy or custom that caused [them]

injury." Haley v. City of Boston, 657 F.3d 39, 51 (1st Cir. 2011) (internal citations and quotations omitted). Plaintiffs failed to state a claim.

The Lees have alleged that "[Principal] Bolt and her superiors" transferred a teacher, LaShawn Hill, to cover up his sexual abuse.[1] Doc. No. 1-1 ¶ 19. Besides the conclusory assertion that this transfer was "part of BPS's policy and custom of covering up allegations of sexual abuse of students by BPS employees," id. ¶ 18, nothing in the Amended Complaint supports municipal liability. Nowhere do the Lees allege the nature, scope, terms, origin, or duration of the policy and custom. Nor do they allege the application of the policy and custom in any instance other the one circumstance set out in the Amended Complaint.[2] Put another way, Plaintiffs have plausibly alleged the transfer of one teacher to cover up a prior incident of sexual abuse, but they have not plausibly alleged either that BPS regularly transferred teachers to cover up sexual abuse or had a policy and custom of doing so.

This failure alone does not, however, necessarily compel dismissal. "Although liability may not be imposed on a municipality for a single instance of misconduct by an official without final policymaking authority, liability may be imposed on a municipality for 'a single decision

---

[1] The Lees very nearly failed to allege that Principal Bolt, or anyone, knew of Hill's sexual abuse of students prior to December 2011. Of course, without such knowledge the claim would fail. Most of the Amended Complaint very carefully pleads around advancing this allegation. See, e.g., Doc. No. 1-1 ¶ 8 (alleging that Bolt was the principal "at the time of the incident"); id. ¶ 10 (alleging that state law required Bolt to report "abuse of a child under 18"); id. ¶ 12 (alleging that the "allegation of abuse against Mr. Hill was never reported," without ever specifying when such allegation was made). However, the Lees do allege that "Ms. Bolt and her superiors intentionally made the decision to deal with the allegations of Mr. Hill's sexual abuse in-house, . . . rather than report the allegations to" state or law enforcement, "in order to cover up his sexual abuse." Id. ¶ 19. While this suffices to allege knowledge of the abuse prior to Hill's transfer, the Court notes the anomaly of the Lees' failure to allege directly that Principal Bolt knew of Hill's misconduct prior to the transfer.
[2] Indeed, as the Report and Recommendation notes, "state law require[d] administrators to report allegations of child abuse of minors." Doc. No. 26 at 6.

by a final policymaker.'" Rodriguez-Garcia v. Miranda-Marin, 610 F.3d 756, 769 (1st Cir. 2010) (quoting Welch v. Ciampa, 542 F.3d 927, 942 (1st Cir. 2008)). State law governs whether an official is a policymaker. Walden v. City of Providence, 596 F.3d 38, 56 (1st Cir. 2010).

In analyzing Massachusetts's statutory scheme, a then-Massachusetts Superior Court judge observed that "the school committee makes policy; the school superintendent and principals implement those policies." McLaughlin v. City of Lowell, 8 Mass. L. Rptr. 343, at *13-14 (Mass. Super. Ct. Apr. 3, 1998) (Gants, J.); accord Doe v. Town of Stoughton, 12-CV-10467-PBS, 2013 WL 6498959, at *3 (D. Mass. Dec. 10, 2013) (quoting McLaughlin). The Report and Recommendation discounted this by noting that Principal Bolt allegedly made the decision to transfer Hill after consulting with "her superiors," people who presumably were in policymaking positions. Doc. No. 26 at 6. While some sessions of this Court have held that superintendents are policymakers for municipal liability purposes, see Bowler v. Town of Hudson, 514 F. Supp. 2d 168, 184 (D. Mass. 2007); Lewis v. City of Boston, No. 00-11548-DPW, 2002 WL 523910 (D. Mass. Mar. 29, 2002); but see Doe v. Bradshaw, No. 11-11593-DPW, 2013 WL 5236110 (D. Mass. 2013) ("It seems implausible that [the superintendent] could act unilaterally as the final policymaking official without the concurrence of some number of other School Committee members, or a delegation of authority by the Committee."), this alone cannot save the claim.

Principal Bolt is plainly not the superintendent. Nor do the Lees anywhere in the Amended Complaint identify these "superiors," let alone allege that they are school committee members or the superintendent. Cf. Doe, 2013 WL 6498959, at *4 ("Regardless of whether a superintendent can act as a final policymaker under state law, it is clear that an assistant principal or guidance counselor is not one."). Nor do they allege any facts to support the inference that

these individuals are themselves involved in making policy.  This bare allegation of unidentified superiors in unexplained roles cannot sustain a claim for municipal liability, especially combined with the vagueness of the knowledge and policy allegations.  See Freeman v. Town of Hudson, 714 F.3d 29, 38 (1st Cir. 2013) (affirming dismissal of a municipal liability claim when the complaint "reference[d] no state or local laws establishing the policymaking authority of any individual or group of individuals," and "allege[d] misconduct from many separate actors, but g[ave] no guidance about which acts [were] properly attributable to the municipal authority.").

Accordingly, the Court ALLOWS the Motion to Dismiss for Count I, and Count I is thus DISMISSED.  In all other respects, the Court ADOPTS the Report and Recommendation, and DISMISSES Counts II, V, VI, and VIII.  If the Lees wish to file a motion for leave to amend, they shall do so within fourteen days.  The Court notes that Count I provided the only basis for federal jurisdiction.  See Rodriguez v. Doral Mortg.Corp., 57 F.3d 1168, 1177 (1st Cir. 1995) ("As a general principle, the unfavorable disposition of a plaintiff's federal claims at the early stages of a suit, well before the commencement of trial, will trigger the dismissal without prejudice of any supplemental state-law claims.").

        SO ORDERED.

         /s/ Leo T. Sorokin
        Leo T. Sorokin
        United States District Judge